And the next case is Gil v. Mercy College. Ms. Gill? You can stand right in front of the microphone and make yourself comfortable. Okay. So I'm Ms. Gill and I'm here because I felt that, Judge, I'm feeling that the District Court made a wrong ruling based on . . . I just feel that Judge Roman made the wrong decision. I was in his court for another case, but I did come prior to the court for this case, and he sent me to a process to handle this case. It felt like it was going in the right direction, and I said, okay. So when I went to the court for another case, he spoke about this case within the context of another case. Here's my problem. We are not allowed to decide a case if it's already been decided in a state court. Whether the state court decided it correctly or not, they may have decided it incorrectly, but we don't have the power, we're prohibited from reviewing what they did. That's my question and problem in this case. Are you asking us, in effect, to reconsider what the New York courts did in your was wrong. I'm not allowed to do. So that's my question. I'm just speaking of it because I felt that he dismissed this case on those grounds and I felt that it was wrong, what he did. I brought the case into court because I felt that NIAC, Mercy College, discriminated against me and the Commission on Human Rights, and that was the basis of this case. That went all the way up, right? Yes, all the way up to the New York Court of Appeals. Echoing my colleague, the question of whether the New York courts got it wrong, we don't have the authority, and we'll look carefully at your argument and make sure that's what this is. That's why it's very good that you're here today to present the argument, but the district court and this court can't sit and we can't review the work of the New York courts and tell them they got it wrong. That's not within our power. So that's what the district court concluded about your case, and that's why you got the result that you got, and you say you think it was wrong, and we will be looking to make sure the district court was right. If he's wrong about that, we'll send the case back. Yeah, and that's why I felt that he was wrong when I spoke that I'm not here for one case, I'm here for this case, and I don't think you should bring those two together. And then everything went downhill. I was barred to proceed in that case. I had to pay money to proceed in the other case, and then this case was dismissed. So I'm coming to the appeals court saying, you know, I actually came into the court to settle this case on two grounds of Mercy College not allowing me to go to the next level from my undergrad degree. I came out there with honors, was on the dean's list, and I had the basis of achieving my goals in that degree program, marriage and family therapy program, but I was not allowed to pursue it. And when I did ask about what was other people with disabilities, in which I felt that she, Dr. Amber Black, should have not asked me about my disability, because she already knew about the disability, because I was in the Ms. Gill, you have reserved one minute of the model time, so we'll hear from the opposing side, and then you'll have an opportunity to respond. Good afternoon, your honors, and may it please the court. Jeff Kramer of Lock Lord for the Mercy College appellees, and I just have two quick points. The first is that the district court properly dismissed this complaint under Rooker-Feldman, because the appellant's complaint did not just invite review of state court opinions, the complaint expressly asked the Southern District of New York to, quote, reverse the decisions of the lower courts, unquote. So it's pretty clear in the complaint that the plaintiff appellant is asking, or was asking, the Southern District to simply issue an order reversing the decisions of the Article 78 court and the First Department. However, even if this court decides that Rooker-Feldman doesn't bar her claim, the district court still properly dismissed the complaint under race judicata. It's very clear that state court and the federal district court complaints or cases had the same litigants, featured the same claims, and at Appendix 70, Justice Hunter of the Article 78 court noted that he reviewed the merits of what the Human Rights Commission actually did when it investigated the appellant's discrimination claims, and he found that the Human Rights Commission had given her a full and fair opportunity to present her case. So even if Rooker-Feldman is so narrow that it does not cover what the appellant is asking the court to do, the claim preclusion still applies, and unless the court has any questions. Thank you. I feel that the commission is not here to, at this point, to argue the case about what they gave me or what they didn't give me at this point, but I feel that they did not review my case in a proper manner, and they discriminated against me. They did find that I did have some difficulty in my undergrad college experience as getting my accommodations, and they did agree with that, but I'm not here to say what they, because they're not here to, you know, they're not here to come along with the rest of the part of this. You graduated with honors in psychology as an undergraduate, and we have the full, your briefing. The question we'll have to resolve first is whether this court and the district court have the authority to review state court action, and we'll take a very close look at your briefs and see whether we have any authority. We may not, but we will take your brief and the other side's briefs and read them carefully and take the arguments today, and thank you, Ms. Guilford, for coming in. Can I say one more thing? I'm not a lawyer, and I know that they have more knowledge on the law than I do, and I may have made some errors, but I did bring it to the court to have it reviewed, and I may have made errors. You did fine. But I did the best I could. Thank you. We're grateful to you. Thank you. Thank you. That's the last case on the calendar this morning, so I'll ask the clerk to adjourn court. Court is adjourned.